**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                    **Case No. 6:11-cr-149-Orl-28DAB**

**RANDALL STARCHER**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without verbal argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PETITION TO ADJUDICATE VALIDITY OF INTEREST IN A FORFEITED ASSET (Doc. No. 68)** |
| **FILED:** | **January 4, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION TO DISMISS PETITION OF JAMES AND SHARON HOOTS (Doc. No. 71)** |
| **FILED:** | **January 4, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

The Government seeks dismissal of the petition of James and Sharon Hoots ("Petitioners" – Doc. 68) contesting forfeiture of their asserted interest in an airplane forfeited in conjunction with Defendant Starcher's criminal activities. Doc. 71. Because the Court finds that Petitioners did not have a legal interest at the time the disputed airplane was seized, it is respectfully **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**.

**I. Background Facts**[1]

Defendant Starcher was indicted on May 18, 2011 and arrested on May 25, 2011 for criminal drug conspiracy activity that took place from May 2009 to January 2010. Doc. 1. Prior to the indictment, in October 2010, Homeland Security Investigations agents seized a Cessna 206 aircraft, Tail No. 8065Z[2] ("the Aircraft") from a private residence located on Sand Lake Shores Court in Orlando, FL for violations of 49 U.S.C. § 46306. Petitioners do not own the residence; the owner of the residence is a friend of Defendant Starcher's who agreed to allow him to keep the Aircraft on his property. The work that was performed on the Aircraft to make it "seaplane-ready" between approximately March to May 2010 was conducted in Gobles, Michigan by a mechanic hired by Petitioners. Petitioners had direct authority in overseeing the work performed by the mechanic and were monetarily responsible for all work completed by the mechanic during that time period. After the work was completed in Michigan, the plane was returned to Florida and kept at Defendant's friend's residence. Petitioners do not maintain that they had actual possession of the Aircraft either before or after the repairs to the plane were made in Michigan.

On October 3, 2011, Defendant Randall Starcher pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846. Doc. 1, 57, 59. Defendant entered into a plea agreement, which required him to "forfeit all of his interest in any and all property constituting or derived from proceeds traceable to the offense," including the Aircraft titled in the name of Mile High Adventures LLC, pursuant to 21 U.S.C. § 853. Doc. 59 at 8. Starcher agreed to forfeit the Aircraft, admitting that it was used to facilitate drug

---

[1]The facts are either undisputed or taken from the parties' Joint Stipulation of Facts for Clarification Purposes. Doc. 74.

[2]Cessna 206 aircraft, Tail No. 8065Z was titled in the name of Mile High Adventures, LLC. Doc. 68.

offenses that were committed between May 2009 and January 2010, and that the Aircraft was purchased with proceeds obtained from the drug conspiracy. Doc. 59. The Government sought a Preliminary Order of Forfeiture, which the Court granted on November 3, 2011. Doc. 63. The Court required the Government to notify in writing all known third parties who allegedly had a legal interest in the aircraft. Doc. 64.

On December 6, 2011, Petitioners received a written notice of forfeiture of the Aircraft, to which they timely filed a claim alleging that they had fifty percent ownership. Doc. 68. Petitioners assert that they entered into an oral "conditional sale agreement" with Defendant, on behalf of Mile High Adventures, LLC. Doc. 68. They alleged the oral conditional agreement provided that if Petitioners spent money and labor to convert the Aircraft into a seaplane, in return, Mile High Adventures, LLC, would provide sightseeing services to tourists and give a fifty percent interest in the Aircraft to Petitioners. Doc. 68. Petitioners assert that in May 2010 they completed their obligations under the "verbal conditional sale agreement." Doc. 68.

According to Federal Aviation Administration ("FAA") records, on May 23, 2009, Web Thomas Aircraft Sales Inc. sold the subject aircraft to Mile High Adventures, LLC and the Bill of Sale and Aircraft Registration Application were filed at the FAA Registry on May 29, 2009. Doc. 71-1 ¶¶ 5, 6. However, because Mile High Adventures, LLC's Bill of Sale failed to properly provide proof of its United States citizenship, the company never obtained a Certificate of Aircraft Registration from the FAA[3]. Doc. 71-1 ¶ 8. According to Special Agent Steve Tochterman of the FAA, a review of FAA aircraft registration records indicates that no other documents evidencing a conveyance of the

---

[3]The Aircraft is not properly registered with the FAA and any operation of the subject aircraft by its owners after 120 days from June 9, 2009, was in violation of Federal Aviation Regulations Part 47.3(b)(1) and 91.203(a)(2) and 49 U.S.C. § 26306(b)(5)(A) which would subjects it to forfeiture, whether or not its owner is charged with such criminal violation. Doc. 71 (citing 49 U.S. C. § 46306(d)).

Aircraft–by Petitioners or anyone else–have been submitted and/or recorded at the FAA Registry since May/June 2009, when Mile High Adventures, LLC submitted its paperwork to the FAA[4]. Doc. 71-1 ¶¶ 7, 9.

## II. Standards Applicable to Criminal Forfeiture

Under 21 U.S.C. § 853(n)(6), the petitioner must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6)(A), (B); *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009); *United States v. McCorkle*, 143 F. Supp. 2d 1311, 1319 (M.D. Fla. 2001).

## III. Analysis

The Government moves to dismiss Petitioners' claim of interest pursuant to Federal Rule of Civil Procedure 12, Federal Rule of Criminal Procedure 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(n)(2). Petitioners do not seriously dispute that they failed to properly perfect their interest (if any) in the Aircraft under 21 U.S.C. § 853(n)(6)(A). Doc. 72 at 2-4 (arguing repeatedly that Petitioners are bona fide purchasers under § 853(n)(6)(B) as the "very basis of the Petition," *i.e.*, Doc. 68 ¶ 7). The majority of Petitioners' argument is that they have a fifty

---

[4] On September 3, 2010, James E. Hoots filed an Aircraft Registration Application and Bill of Sale to evidence that he had purchased a different aircraft, a Cessna 172, Serial #36503, dating back to February 11, 2009; it was registered on October 10, 2010. Doc. 71-1 ¶ 10. Mr. Hoots is obviously aware of the procedures to registering sale of an aircraft.

percent interest in the Aircraft under § 853(n)(6)(B) as bona fide purchasers who, at the time of purchase, were "reasonably without cause to believe that the property was subject to forfeiture."

A. *Legal Interest*

The Government seeks to dismiss Petitioners' asserted interest in the Aircraft under their "verbal conditional sale agreement." It is undisputed that the Petitioners filed their petition on January 4, 2012, after they received a Notice of Forfeiture by certified mail on December 6, 2011 and following Government publication of the Notice of Forfeiture. *See* 21 U.S.C. § 853(n)(2); Doc. 68.

The Government moves to dismiss Petitioners' claim of interest because they failed to (1) record their ownership with the FAA; (2) failed to reduce the alleged "verbal conditional sales agreement" to writing; and (3) they are not bona fide purchasers. Doc. 71. The Eleventh Circuit has held "federal law decides what interests are subject to forfeiture under § 853." *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000). In this case, the Federal Aviation Act decides whether an oral contract such as Petitioners' "verbal conditional sale agreement" is enforceable. 49 U.S.C. § 40101.

Petitioners argue that, because they met the terms and conditions of their verbal conditional agreement with Defendant Starcher as of May 2010, they gained a 50% interest in the Aircraft at that time. However, Title 49 U.S.C. § 44108 provides**,** "Until a conveyance, lease, or instrument executed for security purposes that may be recorded under section 44107(a)(1) or (2) of this title is filed for recording, the conveyance, lease, or instrument is valid only against–(1) the person making the conveyance, lease, or instrument; (2) that person's heirs and devisees; and (3) a person having actual notice of the conveyance, lease, or instrument." 49 U.S.C. § 44108. Thus Petitioners' interest is not effective until they have recorded it.

The Supreme Court in *Philko Aviation Inc. v. Shacket* prohibited "all transfers of title to aircraft from having validity against innocent third parties unless the transfer has been evidenced by a *written* instrument, and the instrument *has been recorded* with the Federal Aviation Administration." *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406, 407 (1983) (emphasis added). Petitioners failed to reduce their oral "conditional sale agreement" with Defendant Starcher into writing. Although Petitioners spent time and money (approximately $35,000) to convert the Airplane into a seaplane, under § 44108, the oral conditional agreement would not be an enforceable interest against third parties because a written instrument was never executed or recorded. Thus, Petitioners acquired no legal interest through their transaction with Defendant preceding the forfeiture.

Petitioners argue that their interest in the Aircraft should be construed under the "application of state law" applying the Uniform Commercial Code. Doc. 72. The Supreme Court has expressly rejected that approach, holding that any "state laws allowing undocumented or unrecorded transfers of interests in aircraft to affect innocent third parties are preempted by the federal Act." *Philko Aviation, Inc*., 462 U.S. at 412. Moreover, Florida Statute § 329.01 adopts the language, nearly verbatim, from § 44108 of the United States Code requiring recording with the FAA to effect an interest in an aircraft. Fla. Stat. § 329.01 (2012).

In addition, Petitioners contend that their 50% interest began in *May 2010*, after completion of their obligations under the verbal agreement and would not be superior to the Government's interest in the aircraft which vested in May 2009, when Defendant's drug conspiracy began, under the "relation back doctrine[5]." Doc. 71. In *United States v. Watkins*, the Eleventh Circuit held that Petitioners could not recover any interest because they gave money to the defendant *after* the

---

[5] Petitioners conceded that title generally vests in the United States upon commission of the act giving rise to forfeiture and any subsequent transfer of property is still the property of the United States. Doc. 72 at 4.

conspiracy that prompted the forfeiture had already ended. 320 F.3d 1279, 1282 (11th Cir. 2003). The court recognized that petitioners had no interest in the property "at the time of the commission of the acts which gave rise to the forfeiture," as § 853(n)(6)(A) requires, and their interest against the assets would be as unsecured creditors. *Watkins*, 320 F.3d at 1282 (holding claimants were unsecured creditors who could not qualify as a bona fide purchaser for value under § 853(n)(6)(B), as "their interest lies against the debtor personally as opposed to any specific property that they purchased from the debtor").

Similarly, here, Petitioners assert that they acquired interest in the aircraft in May 2010, however, the Government's interest began at least one year prior in May 2009, when the drug conspiracy began. Thus, because Petitioners had no interest *at the time* Defendant's drug conspiracy began, Petitioners cannot recover any interest under § 853(n)(6)(A).

B. *Bona Fide Purchaser for Value*

The bulk of Petitioners' argument is that, rather than acquiring a legal interest in the aircraft before the conspiracy, they acquired an interest in the aircraft after the criminal activity as bona fide purchasers for value as defined in § 853(n)(6)(B). Section 853(n)(6)(B) protects petitioners who are "bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets." *Kennedy*, 201 F.3d at 1328-29 (quoting *United States v. Reckmeyer*, 836 F.2d 200, 204 (4th Cir. 1987)); *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993).

Petitioners assert that they had no knowledge of Defendant's previous criminal conduct that led to his indictment and conviction when they entered into the verbal contract with him on behalf of Mile High Adventures, LLC. Doc. 68. The Eleventh Circuit has defined "the term bona fide purchaser" as "generally understood to mean 'one who has purchased property for value without notice of any defects in the title of the seller.'" *United States v. Watkins*, 320 F.3d 1279, 1283 (11th

-7-

Cir. 2003) (citing *In re Walter*, 45 F.3d 1023, 1030 (6th Cir. 1995). Petitioners did not purchase an interest directly in the Aircraft that they ever perfected; they filed no lien and recorded no bill of sale under the FAA regulations to protect their interest. As such, their interest against the Aircraft is as unsecured creditors and "their interest lies against the debtor personally as opposed to any specific property." *See Watkins*, 320 F.3d at 1284 (holding claimants were unsecured creditors who could not qualify as bona fide purchasers for value under § 853(n)(6)(B)); *United States v. Carmichael*, 440 F. supp.2d 1280 (M.D. Ala. 2006) (holding that claimant was not a "bona fide purchaser" where it had no lien against the real property for materials supplied for construction and untimely filed its judgment lien).

Petitioners also do not qualify as bona fide purchasers "without knowledge of the forfeitability of" the Airplane. In order to qualify as a bona fide purchaser for value under § 853(n)(6)(B), under the language of the statute, a person must not have known that the property purchased was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B). Petitioners did not assert their written claim or lien to the Airplane until January 23, 2012, after the Government had published the notice of forfeiture in November-December 2011 (*see* Doc. 70) and provided notice to Petitioners directly. Any registration or lien on the Airplane that Petitioners would file at this juncture would clearly be after Petitioners learned of the forfeiture and negate an objectively reasonable belief they have in the property. *United States v. Carmichael*, 440 F. supp.2d 1280 (M.D. Ala. 2006) (holding that claimant was not a "bona fide purchaser" where it had no lien against property and government's publication of order of forfeiture before it filed claim put it on notice of forfeiture); *cf. United States v. One Parcel of Real Estate Located at 6640 SW 48th Street*, 41 F.3d 1448, 1452-53 (11th Cir. 1995) (person who acquires property knowing that it was used to commit an illegal act is not an innocent owner under "innocent owner" defense in §881(a)(7)).

## Conclusion

As the Supreme Court has held, "every aircraft transfer must be evidenced by an instrument, and every such instrument must be recorded, before the rights of innocent third parties can be affected." *Philko Aviation, Inc.*, 462 U.S. at 409-10. Given the circumstances before the Court in this case, Petitioners failed to perfect any interest they might have had in the Aircraft in compliance with federal and state regulations, and as unsecured creditors, they do not qualify as bona fide purchasers. Accordingly, it is respectfully **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED and the Petition be denied**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 13th day of July, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy